**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ndaya Georgine Mwamba,
Petitioner,
v.
Eric Rokosky,
Respondent.

No. CV-26-07552-PHX-SPL

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention. (Doc. 1.) Petitioner entered the United States in September 2017 and applied for asylum in January 2018. (*Id.*) Petitioner obtained a work authorization a few months later. On August 11, 2026, Petitioner was detained by immigration officials. On September 3, 2026, Petitioner had a bond hearing and was denied bond. Petitioner contends she is not a flight risk or danger to the community, does not have a criminal record, and, during the bond hearing, presented five affidavits from United States citizens attesting to her moral character. Petitioner requests immediate release from custody.

The Court ordered Respondent to show cause why the Petition should not be granted. (Doc. 3.) In the Amended Response, Respondent states: "Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and therefore Respondent does not oppose Petitioner's request for a bond hearing." (Doc. 6.)

Petitioner seeks immediate release and does not request a second bond hearing. Petitioner plausibly alleges her bond hearing was legally insufficient. Respondent's non-opposition to a second bond hearing does not adequately address Petitioner's argument or the relief requested. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to her request for release from custody. The remainder of the Petition is denied as moot.

(2) Respondent must immediately release Petitioner from custody under the same conditions that existed before her detention.

(3) Respondent must provide a notice of compliance within **two days** of this Order.

(4) Absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without **seven (7) days** prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(5) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 27th day of October, 2026.

Honorable Steven P. Logan
United States District Judge